**UNITED STATES of America,**
**Plaintiff,**

v.

**OTTER TAIL POWER COMPANY,**
**Defendant.**

**No. 6–69–Civ.–139.**

United States District Court,
D. Minnesota,
Sixth Division.

June 22, 1973.

Kenneth C. Anderson, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Cyrus A. Field, Field, Arvesen, Donoho, Lundeen & Hoff, Fergus Falls, Minn., for defendant.

### ORDER

DEVITT, Chief Judge.

This case, while affirmed on the basic issue, was remanded by the United States Supreme Court for reconsideration of the litigation issue in view of the intervening decision in California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642. See Otter Tail Power Co. v. United States, 410 U.S. 366 at 380, 93 S.Ct. 1022 at p. 1031, 35 L.Ed.2d 359. Defendant moves for an amendment of the findings to reflect that employment of litigation as shown in the record was permissible under the antitrust laws in the light of *California Motor Transport.* Defendant so urged in its brief and at the oral argument on the motion held on June 11, 1973. Plaintiff argued that the use of litigation by defendant came within the so-called sham exception of the Noerr doctrine and therefore violated the Sherman Antitrust Act. The parties are agreed that there is no need for further evidentiary hearings.

Upon consideration of the arguments and briefs, and upon a reconsideration of the pertinent portions of the record, I find that the repetitive use of litigation by Otter Tail was timed and designed principally to prevent the establishment of municipal electric systems and thereby to preserve defendant's monopoly. I

**452**

find the litigation comes within the sham exception to the Noerr doctrine as defined by the Supreme Court in *California Transport*, and reaffirm the Findings and Conclusions previously entered.

The defendant's motion is denied.